# EXHIBIT F

KSF
KAHN SWICK & FOTI, LLC

1100 Poydras Street, Suite 960
New Orleans, LA 70163

TEL +1 504.455.1400
FAX +1 504.455.1498
KSFcounsel.com

NEW ORLEANS
NEW YORK
DELAWARE
LOS ANGELES
CHICAGO
LUXEMBOURG*

Melinda A. Nicholson
Partner – Admitted in LA, NY & TX
Direct: 504.648.1842
melinda.nicholson@ksfcounsel.com

May 1, 2026

**VIA OVERNIGHT MAIL AND EMAIL**
Nathaniel D. Cullerton, Esq.
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, NY 10019-6150
*NDCullerton@wlrk.com*

**Re: Medical Properties Trust, Inc. Stockholder Litigation Demand**

Dear Mr. Cullerton:

We are in receipt of your letter dated April 27, 2026 ("April 27 Letter"), in which you state that the Board has determined that "resolution of [the Stockholder's] demand would be premature at this time" and has resolved instead "to defer further consideration of the demand pending further developments" in three separate, ongoing federal proceedings.[1] The Stockholder rejects that decision. The Board's announced indefinite deferral of consideration of the Litigation Demand—coupled with its continued silence on the threshold question whether tolling agreements have been obtained from the Alleged Wrongdoers—is contrary to the Board's fiduciary duties under Maryland law and would, if maintained, itself constitute wrongful refusal of the Litigation Demand.

## I. THE BOARD MAY NOT INDEFINITELY DEFER CONSIDERATION OF THE LITIGATION DEMAND BASED ON THE PENDENCY OF SEPARATE LITIGATION

Maryland law is clear that, "[w]hen determining whether to pursue the demanded litigation, a corporation's board of directors ***must conduct an investigation*** into the allegations in the demand and determine whether pursuing the demanded litigation is in the best interests of the corporation." *Oliveira v. Sugarman*, 226 Md. App. 524, 539, 130 A.3d 1085, 1094 (2016), *aff'd*, 451 Md. 208, 152 A.3d 728 (2017); *accord Bender v. Schwartz*, 172 Md. App. 648, 666, 917 A.2d 142, 152 (2007); *Mona v. Mona Elec. Grp., Inc.*, 176 Md. App. 672, 700, 934 A.2d 450, 466 (2007); *Nathanson v. Tortoise Capital Advisors, LLC*, 267 Md. App. 1, 43-44, 342 A.3d 507, 531-32 (2025). Maryland courts further require that the Board's investigation and consequent decision be conducted "independently and in good faith" and within "the realm of sound business judgment." *Bender*, 172 Md. App. at 666, 917 A.2d at 152. A board that refuses to investigate, or that

[1] Undefined capitalized terms herein shall have the same meaning as in the Litigation Demand and our prior correspondence. Unless otherwise indicated, all emphasis herein is supplied, and all internal quotation marks and citations are omitted.

warehouses a stockholder's demand indefinitely, fails that standard and forfeits any entitlement to business-judgment deference.

Decisional authority on materially identical facts squarely rejects the position the Board has now taken. In *Witchko v. Schorsch*, 2016 WL 3887289 (S.D.N.Y. June 9, 2016), the United States District Court for the Southern District of New York—applying Maryland law to a Maryland REIT—denied the directors' motion to dismiss where, just as MPT's Board has done here, the board claimed that pursuing the stockholder's demand would compromise the corporation's defense of pending securities and derivative actions. The court squarely rejected that rationale: "If the mere existence of pending class action lawsuits and government investigations were enough to outweigh all other factors, a company's rights of action against errant officers and directors would be seriously compromised." *Id.* at *4. The court concluded that "standing alone, without further analysis of the potential risks and potential recovery from a suit against the individual defendants on behalf of the corporation, the mere existence of other litigation is insufficient to support the refusal." *Id.* at *6. That holding is directly on point here.

The Delaware Court of Chancery, whose precedents Maryland courts routinely consult, *see Oliveira*, 226 Md. App. at 538 n.10, 130 A.3d at 1093 n.10, has reached the same conclusion. In *Rich ex rel. Fuqi International, Inc. v. Yu Kwai Chong*, 66 A.3d 963 (Del. Ch. 2013), Vice Chancellor Glasscock held that a board that left a stockholder's demand "in limbo, with no progress" while pointing to a parallel SEC investigation and federal class action had "abdicated its responsibilities" and forfeited business-judgment protection. *Id.* at 979. The Court of Chancery's holding could not be plainer: "[a company's] management ***cannot indefinitely delay*** facing appropriately brought derivative claims." *Id.* at 986.

The authorities cited in your April 27 Letter do not support a contrary result.[2] *Furman v. Walton* merely stands for the proposition that initiating litigation against a company's officers and directors, when related litigation against a company is pending, may in some circumstances expose that company to liability; it says nothing, however, about refusing even to initiate an internal investigation. 2007 WL 1455904, at *5 (N.D. Cal. May 16, 2007), *aff'd*, 320 F. App'x 638 (9th Cir. 2009). And critically, the defendants in that case guaranteed that, "for one year following the [Company] Board's final determination concerning plaintiff's demand, they will not assert any statute of limitations defense that did not exist on the date this action was filed in any action asserting the claims stated in plaintiff's demand." *Id.* In other words, the defendants there agreed to toll any claims during the pendency of the related litigation. Here, by contrast, you have failed to so much as acknowledge the Stockholder's repeated request that the Board obtain tolling agreements from the Alleged Wrongdoers, as addressed *infra*.

---

[2] You declined to provide the transcript to which you referred in your citation to *Hays v. Dvorak*. As you know, transcripts of hearings in the Delaware Court of Chancery are only available for purchase. Accordingly, we cannot review it but assume it to be distinguishable as well.

## II. The Board's Continued Silence Regarding Tolling Agreements Is Unacceptable

The Stockholder has now repeatedly requested—in the Litigation Demand, the February 2 Letter, and the April 21 Letter—that the Board confirm whether it has obtained tolling agreements from each of the Alleged Wrongdoers in order to preserve the Company's claims. Each time, you have failed even to acknowledge this request. The April 27 Letter is no exception.

That silence is particularly inappropriate given the Board's stated intention to defer consideration of the Litigation Demand for an indefinite period. As the *Witchko* court warned, "a failure to enter into some sort of stipulation to extend the time frame for [the Company's] claim during the pendency of the related litigation and government investigation, could be an abdication of [the board's business] judgment." 2016 WL 3887289, at *5 n.1. If, as the Board has now made clear, it intends to do nothing on the Litigation Demand for so long as parallel proceedings remain "ongoing"—a period that could span years—then it is incumbent upon the Board to ensure, at a minimum, that the Company's claims do not become time-barred during that interval. The Stockholder requires confirmation that the Board has taken or is taking the necessary steps to do so.

The Stockholder accordingly renews his prior requests, and demands a substantive response, by no later than three weeks from the date of this correspondence, to each of the following: (i) whether the Board has obtained tolling agreements from each of the Alleged Wrongdoers, and, if so, the names of the Alleged Wrongdoers covered by such agreements and the durations thereof; (ii) if tolling agreements have not been obtained, the Board's plan and timeline to obtain them; (iii) the identities of the directors who have been designated to investigate the Litigation Demand; (iv) the status of the Board's consideration of the Reforms enclosed as **Exhibit B** to the February 2 Letter; and (v) the Board's good-faith estimate of the date by which it will complete its consideration of, and render a substantive decision on, the Litigation Demand. Failure to respond timely will be deemed a wrongful refusal of the Litigation Demand.

The Stockholder reserves all rights, including the right to commence derivative litigation on behalf of the Company without further notice.

Best Regards,

*s/ Melinda A. Nicholson*

Melinda A. Nicholson

cc: William Bercury