IH-32 Rev: 2014-1

# United States District Court
for the
# Southern District of New York
## Related Case Statement

---

Full Caption of Later Filed Case:

WILLIAM BERCURY, derivatively on behalf of MEDICAL PROPERTIES TRUST, INC.

| Plaintiff | Case Number |
|---|---|
| vs. | 1:26-cv-6976 |
| EDWARD K. ALDAG, JR., R. STEVEN HAMNER, J. KEVIN HANNA, ELIZABETH N. PITMAN, MICHAEL G. STEWART, EMILY W. MURPHY, G. STEVEN DAWSON, CATERINA A. MOZINGO, D. PAUL SPARKS, JR. and C. REYNOLDS THOMPSON, III, Defendants<br>and<br>MEDICAL PROPERTIES TRUST, INC., Nominal Defendant | |
| Defendant | |

Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

In re: Medical Properties Trust Stockholder Derivative Litigation

| Plaintiff | Case Number |
|---|---|
| vs. | 1:23-cv-10934 |
| Defendant | |

Status of Earlier Filed Case:

☐ Closed (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.)

☑ Open (If so, set forth procedural status and summarize any court rulings.)

Two previously-filed stockholder derivative matters were filed in the United States District Court for the Southern District of New York, which were consolidated and stayed on July 22, 2024 pursuant to a stipulation and order (Dkt. 15). The stay shall remain in effect unless and until: (1) a related Securities Class Action lawsuit is dismissed, with prejudice, and all appeals related thereto have been exhausted; (2) all motions to dismiss the Securities Action are denied in full or in part, and all appeals related thereto have been exhausted; (3) any party to the Consolidated Derivative Actions successfully moves to lift the stay; or (4) Defendants move to lift the stay if any related derivative action is filed but not stayed. The stay remains in effect.

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

Plaintiff William Bercury respectfully suggests that the above-captioned action arises from substantially similar facts and circumstances as those giving rise to the earlier-filed action, generally involving common facts, common claims, and common defendants. That said, Plaintiff further submits that these actions are not appropriate for consolidation because he made a written demand upon the Nominal Defendant's Board of Directors that it investigate the acts of misconduct alleged here and take appropriate remedial action. Despite following up with the Board of Directors multiple times, the Board constructively refused Plaintiff Bercury's demand.

By contrast, the stockholder plaintiffs in the earlier-filed consolidated action Kunihiko Kanno and Kyle Abbey and did not make written demand upon the Nominal Defendant's Board of Directors, and have instead alleged that demand upon them would be futile.

Because Kanno and Abbey have alleged demand futility, and Plaintiff Bercury's demand was constructively refused, differing pleading standards and burdens of proof are in play under Federal Rule of Civil Procedure 23.1. Accordingly, these actions should not be consolidated.

Signature: s/ Melinda A. Nicholson Date: 08/14/2026

Firm: Kahn Swick & Foti, LLC
1100 Poydras Street, Suite 960
New Orleans, LA 70130