UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM BERCURY, derivatively on behalf of MEDICAL PROPERTIES TRUST, INC.<br><br>*Plaintiff*,<br><br>v.<br><br>EDWARD K. ALDAG, JR., R. STEVEN HAMNER, J. KEVIN HANNA, ELIZABETH N. PITMAN, MICHAEL G. STEWART, EMILY W. MURPHY, G. STEVEN DAWSON, CATERINA A. MOZINGO, D. PAUL SPARKS, JR. and C. REYNOLDS THOMPSON, III,<br><br>*Defendants*,<br><br>-and-<br><br>MEDICAL PROPERTIES TRUST, INC.<br><br>*Nominal Defendant*. | Case No. 1:26-cv-06976-VSB |

**JOINT STIPULATION AND [PROPOSED] ORDER STAYING THE BERCURY DERIVATIVE ACTION**

**WHEREAS,** on August 14, 2026, Plaintiff William Bercury ("Plaintiff") filed a shareholder derivative action on behalf of Nominal Defendant Medical Properties Trust, Inc. ("MPT" or the "Company") in this Court making claims for breach of fiduciary duties, unjust enrichment, abuse of control, gross mismanagement, and waste of corporate assets against Defendants Edward K. Aldag, Jr., J. Kevin Hanna,

R. Steven Hamner, G. Steven Dawson, Caterina A. Mozingo, Emily W. Murphy, Elizabeth N. Pitman, D. Paul Sparks, Jr., Michael G. Stewart, and C. Reynolds Thompson, III (collectively, the "Individual Defendants," and together with MPT, the "Defendants," and Plaintiff and Defendants, together, the "Parties"), and for contribution under Sections 10(b) and 21D of the Securities Exchange Act of 1934 against certain of the Individual Defendants, captioned *Bercury* v. *Aldag, et al.*, Case No. 1:26-cv-06976-VSB (the "Bercury Derivative Action");

**WHEREAS,** counsel for Defendants in the Bercury Derivative Action have agreed to accept service of process of the complaint in the Bercury Derivative Action, to the extent not already served, without prejudice and without waiver of any of Defendants' defenses, objections, or arguments, other than a defense as to the sufficiency of service; and the Parties in the Bercury Derivative Action agree that Defendants need not respond to any complaints in the Bercury Derivative Action until the date ordered by the Court in response to the Parties' proposed scheduling order following termination of the stipulated stay of the Bercury Derivative Action described herein;

**WHEREAS,** two earlier-filed and factually related shareholder derivative actions are pending in this Court, captioned *Kanno* v. *Aldag, et al.*, Case No. 1:23-cv-10934-VSB (the "Kanno Derivative Action") and *Abbey* v. *Aldag, et al.*, Case No. 1:24-cv-01589-VSB (the "Abbey Derivative Action");

**WHEREAS,** on June 17, 2024, the Court entered an order (the "Consolidation Order") consolidating the Kanno Derivative Action and the Abbey Derivative Action under the caption *In re Med. Properties Tr., Inc. S'holder Derivative Litig.*, Case No. 1:23-cv-10934-VSB (S.D.N.Y. June 12, 2024) (the "Consolidated Derivative Action"). *See* Consolidated Derivative Action (ECF 13).

**WHEREAS,** an earlier-filed and factually-related putative securities class action is also pending in this Court, captioned *Armstrong* v. *Medical Properties Trust, Inc., et al.*, Case No. 1:23-cv-08597-VSB (the "Securities Action"), in which the plaintiff asserts federal securities claims against the Company and certain of its officers;

**WHEREAS,** on July 22, 2024, the Court entered an order staying the Consolidated Derivative Action (the "Stay Order") pending the resolution of the anticipated motion to dismiss in the Securities Action. *See* Consolidated Derivative Action (ECF 15);

**WHEREAS,** the Bercury Derivative Action is based on substantially the same alleged events and public disclosures that form the basis of the Consolidated Derivative Action and the Securities Action, and several of the Defendants in the Bercury Derivative Action are also named as defendants in the Securities Action (the "Securities Action Defendants") and/or Consolidated Derivative Action;

**WHEREAS,** on January 14, 2025, the Securities Action Defendants filed a motion to dismiss the operative complaint in the Securities Action, which motion remains pending before this Court;

**WHEREAS,** Defendants contend that the Consolidation Order and Stay Order entered in the Consolidated Derivative Action apply to the Bercury Derivative Action, such that the Bercury Derivative Action should be consolidated with the Consolidated Derivative Action and subject to the Stay Order, while Plaintiff disputes that contention;

**WHEREAS,** the Parties, by and through their counsel, have met and conferred and, in order to ensure economy of time and effort for the Court and the Parties, avoid potentially duplicative proceedings, and prevent inconsistent rulings with respect to substantially overlapping factual and legal issues, the Parties have agreed, subject to the Court's approval, that the Bercury Derivative Action shall be stayed on the terms set forth below, and any dispute or motion practice between the Parties regarding the application of the Consolidation Order and Stay Order to the Bercury Derivative Action, and whether the Bercury Derivative Action is properly consolidated with the Consolidated Derivative Action, shall be deferred until a time after the stay of the Bercury Derivative Action is terminated;

**WHEREAS,** this Stipulation is without waiver or prejudice to the right of any of the Parties to raise any and all claims, arguments, objections, motions, or defenses

that would otherwise be available to the Parties, including, without limitation, any motions or arguments regarding whether the Consolidation Order and Stay Order properly apply to the Bercury Derivative Action and whether the Bercury Derivative Action is properly consolidated with the Consolidated Derivative Action, or Defendants' right to move to dismiss the Bercury Derivative Action for failure to adequately plead demand refusal or on any other grounds, and any arguments or motions regarding venue, forum, jurisdiction, or stay of the Bercury Derivative Action, or any other actions, and the Parties' right to oppose any of the foregoing motions or arguments.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the Parties, that:

1. The Individual Defendants hereby accept service of the complaint in the Bercury Derivative Action.

2. The Bercury Derivative Action shall be stayed unless and until either (1) the Securities Action is dismissed, with prejudice, and all appeals related thereto have been exhausted; (2) the motion to dismiss the Securities Action is denied in full or in part, and all appeals related thereto have been exhausted; (3) any party in the Bercury Derivative Action successfully moves to lift the stay; or (4) Plaintiff lifts the stay of the Bercury Derivative Action pursuant to paragraph 4 herein. Defendants shall not be required to respond to any complaint in the Bercury

Derivative Action until such time as is provided in a future scheduling order entered after this stay is lifted.

3. If and when the stay of the Bercury Derivative Action is lifted, the Parties shall, within thirty (30) days, submit a proposed scheduling order governing further proceedings in the Bercury Derivative Action.

4. Defendants will promptly notify Plaintiff's counsel of any related derivative action. Defendants will promptly notify Plaintiff's counsel in the event any related derivative action is not stayed on terms similar to the stay of the Bercury Derivative Action. The Parties agree that if any related derivative lawsuit is not stayed, Plaintiff may lift the stay of this action upon fourteen (14) days' notice in writing to the undersigned Counsel for Defendants via email and filed with the Court.

5. The Parties agree that during the pendency of this stay and up to one year thereafter, Defendants shall give Plaintiff reasonable advance notice of any determination to mediate with (1) the plaintiff in the Securities Action, or (2) any other derivative plaintiffs who have asserted claims substantially similar to the claims asserted by Plaintiff in the Bercury Derivative Action. The Parties agree that Plaintiff shall be included in any mediation of any derivative actions asserting claims substantially similar to the claims asserted in the Bercury Derivative Action, and Defendants shall allow Plaintiff to participate in the mediation of the Securities

Action unless the plaintiff in the Securities Action objects, in which event Defendants will mediate with Plaintiff at or about the same time.

6. If Defendants produce documents or written discovery to any shareholder in response to a related books and records demand or to any plaintiffs in any related derivative action, Defendants shall promptly provide copies to Plaintiff subject to the Parties entering into a reasonable confidentiality agreement that governs use of such documents in the Bercury Derivative Action.

7. During this stay, Plaintiff may file amended complaints, but Defendants shall not be required to respond to any such amended complaint until after the stay of proceedings is lifted and the Parties have filed with the Court a proposed scheduling order governing further proceedings.

8. This Stipulation is without waiver or prejudice to the right of any of the Parties to raise any and all claims, arguments, objections, motions, or defenses that would otherwise be available to the Parties, including, without limitation, any motions or arguments regarding whether the Consolidation Order and Stay Order properly apply to the Bercury Derivative Action and whether the Bercury Derivative Action is properly consolidated with the Consolidated Derivative Action, or Defendants' right to move to dismiss the Bercury Derivative Action for failure to adequately plead demand refusal or on any other grounds, and any arguments or motions regarding venue, forum, jurisdiction, or stay of the Bercury Derivative

Action, or any other actions, and the Parties' right to oppose any of the foregoing motions or arguments.

**SO ORDERED** on this __________ day of ______________, 2026.

_________________________________
**VERNON S. BRODERICK**
UNITED STATES DISTRICT JUDGE

Dated: September 22, 2026

WACHTELL, LIPTON, ROSEN & KATZ

*/s/ Lauren Kofke*
Lauren Kofke
51 West 52nd St.
New York, NY 10019
Telephone: (212) 403-1000
Fax: (212) 403-2000
LMKofke@wlrk.com

*Attorney for Defendants*

Dated: September 22, 2026

KAHN SWICK & FOTI, LLC

*<u>/s/ Melinda A. Nicholson</u>*
Melinda A. Nicholson
1100 Poydras Street, Suite 960
New Orleans, LA 70163
Telephone: (504) 648-1842
Fax: (504) 455-1498
Melinda.Nicholson@ksfcounsel.com

*Attorney for Plaintiff*